# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BRITTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHEN HO,<br><br>　　　　　Defendant. | Case No. 1:13-cv-01854-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO STAY ACTION AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILING TO EXHAUST HIS ADMINISTRATIVE REMEDIES**<br><br>**(Docs. 15, 16)** |

Plaintiff, George Britton, is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On November 13, 2013, this action was transferred to this Court from the Northern District of California.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits

relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

In the Complaint, while Plaintiff checked the boxes indicating that there is a grievance procedure at the institution of his confinement and that he presented the facts in his complaint for review through a grievance, he goes on to state that the CDCR has no remedy to provide for his suit. (Doc. 1, Comp., p. 1.) Further, Plaintiff indicates that the result at the first formal level is "[t]here is no remedy available." (*Id.*, at p. 2.) Plaintiff then marked a large "X" through the lines in which he was to provide the results of his grievance at the second and third level, did not mark whether the last level to which he appealed was the highest level of appeal available to him, and marked another large "X" through the lines to explain if he did not present his claim for review through the grievance procedure. (*Id.*) Subsequently, Plaintiff filed two motions seeking to stay the action so as to allow him to exhaust available administrative remedies before pursuing this action further—effectively conceding that he did not complete the process. (Docs. 15, 16.) Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

Further, "proper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84, 126 S.Ct. 2378 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." *Id.* at 90. The exhibits that Plaintiff attached to the Complaint show that he filed the grievance regarding the facts in this action almost a year after the events in question occurred such that it was cancelled as untimely. (*See* Doc. 1, Comp., pp. 4-6.) This is error is fatal to this action. Plaintiff is currently housed at another institution and will never be able to go back in time to remedy this defect.

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff's motions to stay this action to allow him to exhaust administrative remedies, filed on January 17, 2014 (Docs. 15, 16), are DENIED; and

/ / /

(2) Plaintiff is ORDERED to show cause within **30 days** from the date of service of this order why this action should not be dismissed, with prejudice, for failure to exhaust administrative remedies prior to filing suit.

IT IS SO ORDERED.

Dated:   **March 19, 2014**                          /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE