# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BRITTON, | Case No. 1:13-cv-01854-LJO-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT** |
| v. | |
| CHEN HO, | |
| Defendant. | **(Docs. 22, 24)** |
| | **OBJECTION DEADLINE 30 DAYS** |

Plaintiff, George Britton, is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 13, 2013, this action was transferred to this Court from the Northern District of California.

Though Plaintiff checked the boxes on his complaint indicating that there is a grievance procedure at the institution of his confinement and that he presented the facts in his complaint for review through a grievance, he goes on to state that the CDCR has no remedy to provide for his suit. (Doc. 1, Comp., p. 1.)  Further, Plaintiff indicates that the result at the first formal level is "[t]here is no remedy available." (*Id.*, at p. 2.)  Plaintiff then marked a large "X" through the lines in which he was to provide the results of his grievance at the second and third level, did not mark whether the last level to which he appealed was the highest level of appeal available to him, and marked another large "X" through the lines to explain if he did not present his claim for review through the grievance procedure. (*Id.*)  Subsequently, Plaintiff filed two motions seeking to stay

1    the action so as to allow him to exhaust available administrative remedies before pursuing this
2    action further—effectively conceding that he did not complete the process.  (Docs. 15, 16.)
3         Thus, it appears Plaintiff filed suit prematurely without first exhausting his available
4    administrative remedies in compliance with section 1997e(a).  *Wyatt v. Terhune*, 315 F.3d 1108,
5    1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. .
6    . .") overruled on other grounds in *Albino v. Baca*, No. 10-55702, 2014 WL 1317141 (9th Cir.
7    Apr. 3, 2014) (en banc).  Based on this, on March 19, 2014, an order issued for Plaintiff to show
8    cause why this action should not be dismissed based on his failure to exhaust administrative
9    remedies prior to commencing this action.  (Doc. 22.)  Plaintiff filed a response on April 9, 2014
10   which is insufficient to allow this action to proceed.  (Doc. 24.)
11        In his response, Plaintiff argues that he repeatedly complained to the prison medical
12   doctor regarding his Valley Fever; that the doctor told Plaintiff there was no cure and no relief
13   that he could offer; Plaintiff requested a transfer which was refused; Plaintiff then filed a first
14   level inmate appeal which was denied; Plaintiff filed a second level inmate appeal to which he
15   never received a response; Plaintiff then "filed the instant action because state prison told him it
16   could do nothing for him (prison M.D.);" after filing this action, Plaintiff filed a third level inmate
17   appeal to which he never received a response.  (Doc. 24, ¶¶ 4-5.)  Plaintiff argues that the lack of
18   response to his inmate appeal at the second and third levels caused him to have no remedies
19   available to exhaust.  (*Id.*, at ¶¶ 6-7.)  However, as noted in the order to show cause, the exhibits
20   that Plaintiff attached to the Complaint show that he filed the grievance regarding the facts in this
21   action almost a year after the events in question occurred such that it was cancelled as untimely.
22   (*See* Doc. 1, Comp., pp. 4-5.)
23        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
24   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
25   confined in any jail, prison, or other correctional facility until such administrative remedies as are
26   available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available
27   administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910
28   (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

Further, "proper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84, 126 S.Ct. 2378 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." *Id.* at 90. As stated in the order to show cause, the exhibits that Plaintiff attached to the Complaint show that he filed the grievance regarding the facts in this action almost a year after the events in question occurred such that it was cancelled as untimely. (*See* Doc. 1, Comp., pp. 4-6.) The untimeliness of Plaintiff's initial filing his inmate appeal at the first level is fatal to this action.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 24, 2014**                               /s/ Jennifer L. Thurston
                                                               UNITED STATES MAGISTRATE JUDGE